UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BETHANY S., | ) |
| | ) |
|       **Plaintiff** | ) |
| | ) |
| v. | )    No. 1:22-cv-00155-JDL |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       **Defendant** | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) crafted a mental residual functional capacity (RFC) unsupported by substantial evidence when he neither relied on an expert opinion nor built a logical bridge from the evidence cited to the social limitation assessed. *See* Statement of Errors (ECF No. 18) at 2-11. I agree and, accordingly, recommend that the Court vacate the Commissioner's decision and remand this case for further proceedings consistent with this decision.

### I. Background

The ALJ found, in relevant part, that the Plaintiff (1) had the severe impairments of asthma, obesity status-post gastric sleeve, bipolar disorder, depressive disorder, anxiety disorder, post-traumatic stress disorder, and a history of attention deficit hyperactivity disorder, *see* Record at 18; (2) retained the RFC to understand and remember simple instructions, concentrate for two-hour periods over

1

an eight-hour day on simple tasks, interact appropriately with coworkers and supervisors, although she needed to avoid work requiring frequent contact with the general public, and adapt to changes in the work setting, *see id.* at 21; (3) could perform jobs existing in significant numbers in the national economy, *see id.* at 27; and (4) therefore had not been disabled at any time from November 22, 2017, through the date of the decision, June 30, 2021, *see id.* at 28.  The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001).   Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings.  *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result.  *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991).  But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

The Plaintiff contends that the ALJ's mental RFC finding is unsupported by substantial evidence because it is neither supported by an expert opinion nor the product of a permissible commonsense finding by a layperson. *See* Statement of Errors at 2-11. That is so, she argues, because the ALJ (1) did not explain, and it is otherwise unclear, how the evidence supported his finding that the Plaintiff's anxiety permitted frequent (versus occasional or no) contact with the public and required no limitations in dealing with coworkers and/or supervisors, and (2) ignored evidence from the Plaintiff's treating therapist, Leanne Davis, M.Ed., LCPC, suggesting greater limitations. *See id.*

The Commissioner rejoins that the ALJ (1) properly relied on treatment providers' findings on mental status examinations, which are within the ken of a layperson, as well as the Plaintiff's own testimony concerning her work history, activities of daily living, and improvement with medication, (2) adequately explained his findings, and (3) was not obliged to address the Davis evidence when Ms. Davis did not offer a "medical opinion," *i.e.*, a description of "the *most* [the] Plaintiff can do despite her impairments." Opposition (ECF No. 21) at 2-14; 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).

The Plaintiff has the better argument.

The ALJ rejected the 2018 opinions of two agency nonexamining consultants that there was insufficient evidence to adjudicate any alleged mental impairment and instead concluded that "the record as a whole . . . establish[ed]" that the Plaintiff had

3

severe mental impairments. Record at 15 nn. 2-3, 25. Nevertheless, he deemed the Plaintiff's testimony supporting greater limitations inconsistent with the record as a whole, *see id.* at 25, including her "largely stable and largely benign longitudinal clinical presentation to her outpatient psychiatric provider," *id.* at 26. He explained:

> The [Plaintiff] reports a history of being unable to perform various jobs, such as cashier work, due to her anxiety. The [Plaintiff's] [RFC] allows for her anxiety by precluding work requiring frequent public contact. The [Plaintiff] acknowledges that her symptoms improve with treatment and medication compliance and that her symptoms worsened when she unliterally discontinued her psychotropic medications.
> . . . .
>
> The [Plaintiff] argues that her history of having multiple jobs at which she stayed for only short periods of time allegedly due to her anxiety proves that she cannot maintain substantial gainful activity on a regular basis. The record indicates [she] has had jobs at which she did stay for longer periods. With treatment and medication compliance, I find the [Plaintiff] is capable of unskilled work that does not require frequent public contact.

*Id.*

Yet, while the ALJ underscored the "inconsistency between the alleged severity of the [Plaintiff's] mental symptoms" and her treatment notes documenting "stable and largely benign mental status exams throughout," *id.*, he never explained his finding that, despite the Plaintiff's anxiety, she could have frequent (versus occasional or no) contact with the public and required no limitation on interactions with coworkers or supervisors, *see id.* at 25-26. Nor are these propositions self-evident. Indeed, the ALJ made no mention of a 2020 letter in which Ms. Davis stated that the Plaintiff "would likely become anxious and experience frequent anxiety attacks if she were under normal work pressure and in everyday situations with co-

workers or supervisors." *Id.* at 691-92. While Ms. Davis's statement was not a "medical opinion," it was contrary evidence that the ALJ ignored.

Because the ALJ did not explain, and it is not self-evident, how his assessment of the Plaintiff's social limitations is supported by substantial evidence, he did not make a permissible commonsense judgment of the Plaintiff's mental RFC. *See, e.g., Daniel H. v. Kijakazi*, No. 1:20-cv-00475-GZS, 2022 WL 2980822, at *4 (D. Me. July 28, 2022) (rec. dec.), *aff'd*, 2022 WL 3357488 (D. Me. Aug. 15, 2022) (holding that the ALJ's RFC determination was unsupported by substantial evidence when "the ALJ did not explain how he built a bridge from [the cited] evidence to the specific limitations assessed, and it [was] not self-evident" (footnote omitted)); *Sean M. v. Saul*, No. 1:18-cv-00315-JHR, 2019 WL 4145223, at *2-3 (D. Me. Aug. 30, 2019) (holding that an ALJ who assessed a claimant's mental RFC based on findings on mental status examination and activities of daily living did not make a permissible commonsense judgment when the ALJ "did not explain how a restriction to simple work addressed the [claimant's] moderate limitation in concentrating, persisting, or maintaining pace, and the matter was not self-evident); *Bent v. Colvin*, No. 1:13-cv-243-JDL, 2014 WL 4060308, at *6 (D. Me. Aug. 15, 2014) ("Principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine courts' review to the reasons supplied by the ALJ. That is why the ALJ (not the Commissioner's lawyers) must build an accurate and logical bridge from the evidence to [the ALJ's] conclusion." (cleaned up)).

That error, in turn, undermined the relevance of the testimony of a vocational expert (VE) on which the ALJ relied to meet the Commissioner's Step 5 burden to prove that a person with the posited RFC could perform jobs existing in significant numbers in the national economy, warranting reversal and remand. *See* Record at 27; *Arocho v. Sec'y of Health & Hum. Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (holding that the responses of a VE are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record).

### IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent with this decision.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: June 6, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge